UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| BOARDMAN STEEL FABRICATORS, LTD., | ) ) ) | Civil No. 14-2-GFVT |
| Plaintiff, | ) ) ) | **MEMORANDUM OPINION** |
| V. | ) ) | **&** |
| ANDRITZ, INC., | ) ) ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Motion to Dismiss before the Court raises a singular legal question. Under Kentucky law, may a plaintiff allege breach of an express contract between the parties and, in the alternative, seek relief in *quantum meruit*? The answer to this question is "yes."

**I**

Boardman Steel Fabricators is a company that engineers, fabricates and delivers steel. [R. 9 at 1.] On July 3, Boardman and Andritz entered into a contract whereby Broadman agreed to design, engineer, fabricate and supply steel for an annealing and pickling[1] line at the North American Stainless (NAS) plant in Ghent, Kentucky. [R. 6-1 at 1.] Boardman alleges that Andritz has breached the agreement and now seeks relief pursuant to two legal theories: breach of contract and, in the alternative, unjust enrichment or *quantum meruit*.[2] [R. 1.]

---

[1] *Annealing* is a process whereby steel is heated and then cooled. By definition, *anneal* means "to heat and then cool usu[ally] for softening and rendering less brittle." *Webster's Third New International Dictionary* 87 (2002)). *Pickling* is a means of dipping annealed steel in acid to clean the steel of various impurities that develop during the annealing process. According to the dictionary, *pickle*, in the context of Steel, is a process whereby "a bath of dilute sulfuric or nitric acid [is] used to cleanse or brighten the surface of castings or other articles of metal." *Webster's Third New International Dictionary* 87 (2002)).

[2] Boardman pleads "Unjust Enrichment/Quantum Meruit" in Count Two of its complaint [R. 1] and the

# II

Andritz argues that "[t]he doctrine of unjust enrichment has no application in a situation where there is an explicit contract which has been performed." *Codell Const. Co. v. Com.*, 566 S.W.2d 161, 165 (Ky. Ct. App. 1977); see also *Guarantee Elec. Co. v. Big Rivers Elec. Corp.*, 669 F. Supp. 1371 at FN 9 (W.D. Ky. 1987). Because Boardman admits the existence of an express contract in its Complaint, Andritz contends that the *quantum meruit* claim must be dismissed. [R. 6-1 at 4-5.]

Broadman acknowledges that it may not recover both in contract and *quantum meruit* but contends that it is permitted to plead both as long as the *quantum meruit* claim is pled in the alternative. [R. 9 at 4.] In support of this proposition, Broadman looks both to the Federal Rules of Civil Procedure and to applicable case law. Rule 8(d)(2) provides that:

> A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

Fed. R. Civ. P. 8(d)(2). The rule then goes a step further, providing that "a party may state as many separate claims or defenses as it has, *regardless of consistency*." Fed. R. Civ. P. 8(d)(3) (emphasis added). Broadman also depends on *W. Kentucky Coca-Cola Bottling Co., Inc. v. Red Bull N. Am., Inc.*, 2008 WL 2548095 (W.D. Ky. June 20, 2008), where the defendant, Red Bull, similarly argued that Coca-Cola could not "maintain an unjust enrichment claim when it has alleged the existence of an explicit contract." *Id.* The Court permitted Coca-Cola

---

parties use the terms interchangeably in their briefing. The Court notes that while these two concepts are often conflated and very similar, under Kentucky law they are independent theories of recovery. See *MidAmerican Distribution, Inc. v. Clarification Tech., Inc.*, 807 F. Supp. 2d 646, 680 (E.D. Ky. 2011) aff'd, 485 F. App'x 779 (6th Cir. 2012); see also *Realty Unlimited, Inc. v. Ball Homes*, 2009 WL 50179 (Ky. Ct. App. Jan. 9, 2009). For purposes of clarity in this Order, the Court will uniformly refer to the relief sought in Count two as a claim in *quantum meruit*.

to plead both theories, noting that they were pled in the alternative and that the Federal Rules of Civil Procedure allow for this. *Id.*

The Sixth Circuit addressed this exact issue even more directly in the unpublished decision of *Son v. Coal Equity, Inc.*, 122 F. App'x 797, 801 (6th Cir. 2004). In that case the Plaintiff pled both an express breach of contract claim and a claim in *quantum meruit*. After finding that "an express contract for payment existed," and that "an essential element of a *quantum meruit* claim is the absence of such an agreement," the District Court dismissed the claim. *Son*, 122 F. App'x at 801 (emphasis in original). The Sixth Circuit reversed, holding that the Plaintiff was entitled to plead *quantum meruit* as an alternative theory of recovery and that dismissal of the claim was premature.

> The course of litigation [ ] is never certain, and there is no guarantee that [the Defendant] might not attempt on remand to repudiate the concession contained in its appellate brief. Moreover, the Federal Rules of Civil Procedure permit pleading in the alternative and even the pleading of inconsistent claims. Fed.R.Civ.P. 8(e)(2). In light of these considerations, we believe that the *quantum meruit* claim should remain as an alternative theory available to the plaintiff, at least until the contract claim is concluded.
>
> To hold otherwise might prove to be premature and would fail to adequately protect the rights reserved by [the Plaintiff]. We note, however, that [the Plaintiff's] *quantum meruit* claim is only an alternative theory of recovery permitted by the Federal Rules of Civil Procedure. [The Plaintiff], of course, may not recover twice for the same violation. *See EEOC v. Waffle House, Inc.,* 534 U.S. 279, 297, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002) (It "goes without saying that courts can and should preclude double recovery.").

*Son*, 122 F. App'x at 802; see also *Netherlands Ins. Co. v. Lexington Ins. Co.*, 2013 WL 2120817 (W.D. Ky. May 15, 2013) (Recognizing that, despite Plaintiff's admission that a contract existed, the *quantum meruit* claim could not be dismissed on this basis because it had pled "its quantum meruit theory in the alternative, meaning that if there was no express contract between the parties, the theory applies.")

3

The Court recognizes that there is not a dispute in this case about whether an explicit contract exists. As Andritz points out, the fabrication contract is attached to Boardman's Complaint. [R. 1-3.] Boardman does, however, raise the possibility that a trier of fact could find that not all the work was completed pursuant to the contract. [R. 9.] In this circumstance, recovery in *quantum meruit* might be appropriate as an alternative means of relief. As is recognized in *Son v. Coal Equity, Inc.*, the course of litigation is unpredictable and the Rules of Civil Procedure permit the pleading of alternative and inconsistent claims. See *Son.*, 122 F. App'x at 802. For this reason, "the *quantum meruit* claim should remain as an alternative theory available to the plaintiff, at least until the contract claim is concluded." *Son*, 122 F. App'x at 802. Finally, the Court reiterates Broadman's earlier concession [see R. 9 at 4] that it cannot recover damages under both theories of recovery. See *Id.* (citing *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 297, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002) (It "goes without saying that courts can and should preclude double recovery."))

### III

Accordingly, having considered the record, applicable law and the arguments of the parties, the Court hereby **ORDERS** the Defendants' motion to dismiss count two [R. 6] is **DENIED**.

This 23rd day of May, 2014.

